# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN A. CLARKE, JR.,

       Petitioner,    Case No. 2:25-cv-00750

  - vs -    Chief Judge Sarah D. Morrison
                                     Magistrate Judge Michael R. Merz

FRANKLIN COUNTY PROBATION
  DEPARTMENT,

       Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case under 28 U.S.C. § 2254, brought by Petitioner John Clarke with the assistance of counsel to obtain relief from his conviction in the Franklin County Court of Common Pleas on one count of election falsification in violation of Ohio Revised Code § R.C. 3599.36 (Petition, ECF No. 1).  The case is ripe for decision on the Petition, the Petitioner's Brief in Support (ECF No. 7), the State Court Record and Supplemental State Court Record (ECF No. 8 and 14), the Return of Writ (ECF No. 9), Petitioner's Reply (ECF No. 11), Respondent's Memorandum on Equitable Tolling (ECF No. 15) and Petitioner's Response (ECF No. 16).

**Litigation History**

On December 16, 2020, a Franklin County Grand Jury returned a four-count indictment

1

charging Petitioner with two counts of election falsification in violation of Ohio Revised Code § 3599.36 and two counts of tampering with records in violation of Ohio Revised Code § 2913.42, each a third-degree felony. The offenses related to financial reports submitted on July 31, 2019, and August 15, 2019, on behalf of the Columbus Clean Energy Initiative ("CCEI"). *State v. Clark*[1], 231 N.E. 3d 459, 2023-Ohio-4434 (Ohio App. 10th Dist. Dec. 7, 2023). A jury convicted Petitioner on one count of election falsification and he was sentenced to 120 days imprisonment and five years of community control[2]. The Ohio Supreme Court declined jurisdiction over a subsequent appeal. 173 Ohio St. 3d 1445 (2024). Petitioner then filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** The Ohio Courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court precedent and/or entered a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, as the evidence failed to prove beyond a reasonable doubt that Clarke was guily [sic] of all elements of election falsification.
>
> **Supporting Facts:** The state was required to prove beyond a reasonable doubt that Clarke knowingly made a false statement in an election filing while either under oath or aware that the statement was made under the risk of being charged with a crime. The state presented evidence that attestation language appeared on a screen. But the state did not prove that Clarke saw and was aware he was under penalty of a crime when filing the documents.
>
> **Ground Two**: The Ohio Courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court precedent and/or entered a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, as the trial court appointed City of Columbus counsel as special counsel for prosecution of Clarke when the City of Columbus was an interested party, the victim.

---

[1] The state court prosecution named Petitioner as "Clark."
[2] Because Petitioner has completed his jail sentence and is now serving community control, he remains sufficiently in custody to invoke our habeas corpus jurisdiction and the Franklin County Probation Department is the proper respondent. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005).

>**Supporting Facts:** The City of Columbus was an interested party and claimed victim of the election falsification. And yet the trial court appointed City of Columbus counsel as special counsel for the criminal prosecution in this case.
>
>**Ground Three:** The Ohio Courts ruled contrary to, or unreasonably applied, clearly-established Supreme Court precedent and/or entered a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, as the record demonstrates [sic] that Clarke's trial counsel was prejudicially ineffective.
>
>**Supporting Facts:** Trial counsel failed to object to Detective Schiff's testimony describing discussions with four people listed as contributors, Schiff's testimony about the contents of documents not introduced as evidence, and Ramsini's testimony about how the database worked in 2019.
>
>**Ground Four:** The Ohio courts entered decisions that were unreasonable in light of the trial record by failing [to follow] Supreme Court precedent and/or entered a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, as the admission of evidence deprived Clarke of due process and a fair trial.
>
>**Supporting Facts:** Evidence that was wrongly admitted, and to which counsel should have objected but failed to do so, so severely and unfairly prejudiced Clarke that he was deprived of the rights to due process and a fair trial.

(Petition, ECF No. 1, PageID 5, 7, 8, 10). Petitioner admits that Grounds Three and Four were not presented to the Supreme Court of Ohio on appeal, but blames that on error of counsel before the Supreme Court and "seeks an order excusing the default." *Id.* at PageID 12. Clarke claims he "has timely filed this petition within one year of the date that his conviction became final under 28 U.S.C. § 2244(d)(1)(A)." *Id.* at PageID 13. In his request for relief, Clarke requests dismissal of the case for insufficient evidence or violation of his right to a speedy trial." *Id.* at PageID 15.

3

## Analysis

**Statute of Limitations**

Petitioner claims his filing was timely under 28 U.S.C. § 2244(d)(1)(A). This section codifies that portion of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which established a one-year statute of limitations for habeas corpus cases to run from the date on which the conviction became final on direct appeal.

Clarke's conviction became final on direct appeal when his time to seek a writ of certiorari from the Supreme Court of the United States expired which was July 1, 2024. He did not file his Petition in this Court until July 7, 2025, six days late[3] (Petition, ECF No. 1).

Switching from his claim of timeliness made in the Petition, Clarke now seeks equitable tolling of those six days. Clarke summarizes his equitable tolling claim as follows:

> Under the unique circumstances of the case, including that Clarke was misled on the date he was denied relief in the state courts, equitable tolling applies for less than a week to permit the Court to address the petition on all Grounds for Relief.

(Traverse, ECF No. 11, PageID 1610). To support the claim and show his due diligernce, Clarke has filed an Affidavit in which he avers:

> 2. I was represented in the Supreme Court of Ohio by counsel with the Huey Defense Firm in Columbus.
>
> 4. When the Supreme Court of Ohio denied relief, the law firm contacted me with that news.
>
> 3. [omitted]
>
> 5. The law firm did not report the exact date of the decision, and I did not know that date.

---

[3] Clarke was not imprisoned in July 2025, so the "mailbox" rule of *Houston v. Lack*, 487 U.S. 266 (1988), is not relevant.

4

> 6. The law firm gave me zero advice on the availability of filing a § 2254 petition within a year of that date. I had no idea I had further recourse through the federal courts.
>
> 7. I did not hear from that firm at any time after they told me of the decision.
>
> 8. Without an attorney and using ChatGPT, I learned that I had the right to proceed to federal court. I was not able to determine the due date for the petition.
>
> 9. I turned to a paralegal organization because I did not want to rely on ChatGPT. That organization informed me that the Supreme Court of Ohio decision was dated April 15, 2024 and that, as a result, my convictions became final July 14, 2024, and the filing deadline for this action was July 14, 2025.

(Clarke Affidavit, ECF No. 11-1, PageID 1632-33).

Clarke provides no corroboration or explanation of details for these asserted facts. Additional detail which would be readily available to Clarke but which is not provided would include

(1) When was he advised he had lost in the Ohio Supreme Court and was the advice written?

(2) What effort did Clarke make and when to learn the date of the Supreme Court decision? (The Ohio Supreme Court's docket is available to the public online and would show the date of the decision.)

(3) At some point in time before he retained current counsel, Clarke used ChatGPT to learn of the availability of federal habeas corpus. When? Why didn't he ask ChatGPT about a filing deadline? (A Google query by the undersigned for the deadline for filing a federal habeas petition provides the answer that it is "generally one year from when your state conviction becomes final starting after all direct appeals are exhausted.")

(4) Not trusting ChatGPT, Clarke turned to a paralegal organization which gave him the wrong

5

date of April 15, 2024, for the Ohio Supreme Court's decision. What paralegal organization? Was the advice written? If so, why is the Court not provided with a corroborating copy?

(5) When did Clarke retain current counsel? If it was early in the limitations period, why did counsel wait so long to file or rely without checking on the advice of the date of Supreme Court action provided by the paralegal organization? From long experience the Court realizes that in certain types of cases, waiting to file until the last day is a good strategic move, but that should not apply in habeas corpus where the client's goal is liberty?

Because § 2244(d) does not limit the jurisdiction of district courts, it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250 (2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 577 U.S. 250, citing *Holland* (emphasis sic).

"Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004). See *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

"Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly

in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida,* 549 U.S. 327 (2007). Generally a lawyer's mistake is not a valid basis for equitable tolling. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), *citing Whalen v. Randle*, 37 Fed. Appx. 113 (6th Cir. 2002); *Fahy v. Horn*, 240 F.3d 239, 244 (3rd Cir. 2001).

Petitioner repeatedly emphasizes that it is a "mere six days" equitable tolling he seeks. But the Sixth Circuit has held "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Petitioner has not shown the required due diligence required to establish equitable tolling or that extraordinary circumstances beyond his control prevented him from filing on time.

**Merits**

Because the statute of limitations issue is dispositive, the Court need not reach the merits. If the District Judge rejects the limitations analysis, Magistrate Judge will then provide a merits analysis.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Petitioner's request for equitable tolling be denied and that the Petition be dismissed as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify

to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 14, 2026.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.