# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHN A CLARKE, JR.,

Petitioner, : Case No. 2:25-cv-00750

- vs - Chief Judge Sarah D. Morrison
Magistrate Judge Michael R. Merz

FRANKLIN COUNTY
PROBATION DEPARTMENT,

:

Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action under 28 U.S.C. § 2254 was brought by Petitioner John A. Clarke, Jr. to obtain relief from his conviction in the Franklin County Court of Common Pleas on two counts of election falsification in violation of Ohio Revised Code § 3599.36 and two counts of tampering with records in violation of Ohio Revised Code § 2913.42. The offenses related to financial reports submitted on July 31, 2019, and August 15, 2019, on behalf of the Columbus Clean Energy Initiative ("CCEI").

The case is before the Court on Petitioner's Objections (ECF No. 22) to the Magistrate Judge's Substituted Report and Recommendations the "Report," (ECF No. 21). Chief Judge Morrison has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 23) and Respondent has replied to the Objections (ECF No. 26).

The Objections are considered seriatim below.

**I. Clarke objects to the Report's conclusion that he did not act with sufficient diligence and that equitable tolling should not be applied a mere six days to allow the Court to reach the merits.**

The Report recommends the Petition be dismissed as barred by the statute of limitations, 28 U.S.C. § 2244(d). Petitioner, who is represented by counsel, admitted he was late, but had claimed he had shown sufficient diligence to warrant equitable tolling; the Report disagreed, detailing why the undersigned believed Petitioner's showing was not sufficient for equitable tolling (Report, ECF No. 21, PageID 1735-38).

Petitioner's Objections argue the due diligence issue for ten pages (ECF No. 22, PageID 1753-62). The Objections correctly understand that the undersigned does not find Petitioner completely credible for reasons given in the Report. Because the burden of proving entitlement to equitable tolling is on Petitioner, his lack of credibility, particularly in failing to provide information which is available to him, is telling. The undersigned accordingly persists in the analysis made in the Report: the Petition should be dismissed as time-barred.

**II. Clarke objects to the Report's merits conclusion as to Ground One**.

In Ground One of the Petition, Clarke claims he was convicted on insufficient evidence. The Report recommends deferring to the Tenth District Court of Appeals' rejection of this claim and dismissing Ground One on the merits.

The Report had read Petitioner's Affidavit filed with the Petition as a response to the Tenth District's finding and barred its consideration under *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

Petitioner objects that the Affidavit was not offered for that purpose but to show his actual innocence so as to overcome any procedural default. But Petitioner never made an actual innocence argument prior to the Objections and his Affidavit does not provide the "new evidence" of actual innocence required by *Schlup v. Delo*, 513 U.S. 298, 319 (1995) – "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." See *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005).

Petitioner had complained that the Tenth District's sufficiency finding was based on an impermissible stacking of inferences. The Report rejected that argument. In his Objections to show that stacking inferences is impermissible, Petitioner relies on *Black v. Robinson*, 2020 WL 2730800 (6th Cir. Mar. 27, 2020)(Moore, J.). *Black* was a habeas case in which the undersigned recommended denying relief in part by rejecting an impermissible inference argument. District Judge Rice adopted the report there and Judge Moore found this Court's decision would not be debatable among jurists of reason and thus denied a certificate of appealability. *Black* does not support Petitioner's Objection 2.

**III. Clarke objects to the Report's merits conclusion as to Ground Two.**

In his Second Ground for Relief, Petitioner asserts the Common Pleas Court acted unconstitutionally when it appointed an attorney for the City of Columbus as special prosecutor in

this case because the City of Columbus was the victim in the case.

The Report concluded this claim was procedurally defaulted because Petitioner's trial counsel had never objected to the appointment and the claim had never been fairly presented to the Ohio courts as a federal constitutional claim. Moreover the claim was found to have no merit because Petitioner had presented no United States Supreme Court precedent in point.

Petitioner objects that he relied on Ohio Supreme Court precedent in point. However, habeas relief is available only when the state court's decision is contrary to or an objectively unreasonable application of United States Supreme Court holdings. 28 U.S.C. § 2254(d)(1).

The Report noted that it is completely routine for traffic cases in Ohio municipal courts to be prosecuted by prosecutors employed by the city which will receive any levied fine and that those fines can constitute a significant source of city revenue. Petitioner objects that

> Traffic cases are strict liability cases. Jail time is not typically in play. Clarke did not run a red light. He championed a major shift in energy policy, and the city did not like it. The public reporting on the issue showed just how much the city disliked what he was championing.

(Objections, ECF No. 22, PageID 1768). Petitioner makes no suggestion why the absence of a *mens rea* element or a possible jail sentence in most traffic cases speaks to his concern about possible perceptions of the attorney who prosecuted his case. Nor does he provide any record reference to the policy shift he was purportedly championing or any public reporting of the case. The citizens of any county are often concerned about a local murder, but no one suggests the elected county prosecutor cannot prosecute the case.

**IV. Clarke objects to the Report's procedural default rulings on Ground Two**.

The Report found Petitioner's second ground for relief relating to the purported conflict of

interest of the city attorney to be procedurally defaulted because (1) trial counsel made no objection and (2) the claim was not fairly presented as a federal constitutional claim.

In his Objections Petitioner concedes that his trial counsel made no objection and that the Tenth District enforced the contemporaneous objection rule against him by conducting only plain error review (Objections, ECF No. 22, PageID 1768). He claims that is excused by ineffective assistance of trial counsel. *Id.* at PageID 1769. He notes that his appellate counsel "raised a collection of arguments that Clarke's conviction should be reversed because of the ineffective assistance of trial counsel." He admits that after losing on that claim in the Tenth District, he did not exhaust it by appealing to the Ohio Supreme Court. *Id.* "But he has asked the Court to excuse that default, in turn, based on the miscarriage of justice that would result, including on grounds that he is actually innocent. See below." *Id.*

As to the fair presentation default, he claims the Tenth District's decision shows that court was aware it was adjudicating Clarke's federal constitutional right. *Id.* at 1769-70. He concludes by arguing he has shown actual innocence sufficient to excuse his procedural defaults.

In his Objections Clarke makes no reference to where he has supposedly demonstrated actual innocence. Earlier in the Objections he referred to his Affidavit as having been filed to show his innocence. But the Affidavit in question, ECF No. 7-1, presents facts which could or should have been presented at trial and blames Petitioner's conduct in filing reports on Attorney Pat Quinn, who was not his attorney at trial or on appeal (See Petition, ECF No. 1, PageID 13). The facts averred in the Affidavit in no way meet the *Schlup* standard for actual innocence.

**Conclusion**

Having reviewed the case in light of the Objections and Response, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 17, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #